```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

DONALD E. CARTER            ]
    Petitioner,         ]
                        ]
v.                          ]     No. 3:06-0222
                            ]     Judge Trauger
STATE OF TENNESSEE DEPARTMENT ]
OF CORRECTION               ]
    Respondent.         ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against the Tennessee Department of Correction, seeking a writ of habeas corpus.

In July, 1983, the petitioner was found guilty of assault with intent to commit murder. For this crime, he received a sentence of life imprisonment. Apparently, the petitioner believes that, with the application of accrued sentence reduction credits, his sentence has expired and he should be released from custody.

A petition for federal habeas corpus relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). This exhaustion requirement springs from considerations of comity between the states and federal government and is designed to give the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418

(1971). This means that as a condition precedent to seeking federal relief, the petitioner's claims must have been fairly presented to the state courts. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refused to consider them. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).

The burden of showing compliance with the exhaustion requirement rests with the petitioner. Darr v. Burford, 339 U.S. 200, 218-219, 70 S.Ct. 587, 597-598 (1950); Clounce v. Pressley, 640 F.2d 271, 273 (6th Cir.1981). In this case, the petitioner has offered nothing to show that he has fully exhausted all state judicial remedies that might be available to him. Given the absence of any allegations suggesting that state court remedies are either futile or no longer available, it appears that the petitioner has failed to exhaust his state court remedies prior to the filing of this action.

When a habeas corpus petitioner has failed to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. Rose v. Lundy, supra, at 455 U.S. 422, 102 S.Ct. 1205. Therefore, an appropriate order will be entered dismissing the petition without prejudice to petitioner's right to pursue any state court remedies which might be available to him. Rule 4, Rules --- § 2254 Cases.

_____
Aleta A. Trauger
United States District Judge